UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:15-cr-00019-JMS-CMM |
| LAWRENCE RICE, | ) ) | -10 |
| Defendant. | ) ) | |

## ORDER

### I. Background

Defendant filed a pro se motion that the Court construed as a motion for compassionate under Section 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 792. The Court appointed counsel to represent Defendant, dkt. 794, and counsel has appeared on his behalf, dkt. 795.

As relevant here, § 603 of the First Step Act allows the Court to reduce a sentence if the defendant shows an "extraordinary and compelling reason" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). That section prevents a court from modifying a sentence until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This Court has held that the exhaustion requirement is not jurisdictional and can be waived by the government but that the Court cannot waive it over the government's objection. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr.

21, 2020); *United States v. Jackson*, No. 2:15-cr-00013-JMS-CMM-1, Dkt. 137 (S.D. Ind. Apr. 28, 2020).

On August 31, 2020, the United States filed a document that purports to be a "motion to dismiss" Defendant's motion for compassionate release. Dkt. 793. The United States argues that the Court should "dismiss" Defendant's motion because he does not indicate that he has exhausted administrative remedies and because his motion for compassionate release is barred by a plea waiver. *Id.* The United States offers no authority supporting its filing of a "motion to dismiss" a motion for compassionate release. Instead, it puts forth arguments for denial of the motion that are more properly raised in a response to a fully-briefed motion. Nonetheless, because the United States has filed nearly identical motions in multiple cases, the Court will address its arguments here.

## II. Discussion

### A. Exhaustion of Administrative Remedies

First, the Court will not deny Defendant's motion for compassionate release for failure to exhaust administrative remedies at this time. The Court has repeatedly refused to preemptively deny motions for compassionate release on exhaustion grounds. Instead, the Court has—with the United States' support—repeatedly found that judicial economy favors giving defendants additional time to exhaust, even when the defendant filed a motion for compassionate release too soon. *See, e.g.*, *United States v. Fraley*, No. 4:15-cr-00028-TWP-VTW-10, Dkt. 964 (United States agreeing to stay proceedings for 24 days so that the defendant could exhaust administrative remedies where the defendant filed her motion for compassionate release too soon). The Court will do the same in this case.

### B.     Briefing Schedule

Accordingly, as it has done in multiple other cases, the Court **ORDERS** as follows:

Pending counsel's review and analysis of Defendant's eligibility for compassionate release pursuant to the First Step Act of 2018, and to allow counsel to communicate with Defendant regarding the attorney-client relationship, this matter is stayed. Proceedings will resume, and the stay will be lifted, when counsel files an Amended Motion for Compassionate Release on Defendant's behalf or adopts Defendant's previously-filed Motion (by notifying the Court and filing a motion to lift the stay), a Stipulation to Reduction of Sentence is filed, or the Court grants counsel's motion to withdraw from Defendant's case. The Court notifies the parties that, if one of these events has not occurred by **December 22, 2020**, the Court will lift the stay and enter a briefing order. The Court will extend the stay only upon motion from Defendant's counsel that is supported by good cause.

Any Amended Motion for Compassionate Release or motion to lift stay and adoption of Defendant's previously-filed Motion filed consistent with this Order must be supported by evidence that Defendant has exhausted administrative remedies or that 30 days have passed since the Warden received Defendant's request for compassionate release (such as a document showing the warden's receipt of the request, a denial from the warden, or a declaration under penalty of perjury stating when Defendant made the request for compassionate release, the contents of the request, and how it was transmitted to the warden). Alternatively, Defendant's counsel may confer with the United States and submit a statement certifying that the United States agrees that Defendant has exhausted administrative remedies or that the United States will waive the exhaustion requirement in this case.[1]

---

[1] Defendant's counsel filed a notice stating that Defendant made an administrative request for sentence reduction on August 17, 2020. Dkt. 796. Although the notice was verified, it is not clear how

If the United States believes that Defendant has not exhausted his administrative remedies when counsel files an amended motion or adopts Defendant's previously filed motion, it may raise that argument in its response. Likewise, if Defendant has not exhausted his administrative remedies by December 22, 2020, the Court may consider denying his motion without prejudice at that time.

**C.    Plea Waiver**

The United States' plea waiver argument also fails.[2] The United States argues that Defendant waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 793. Defendant signed his plea agreement in September 2016, and it was filed on October 5, 20216. Dkt. 304. Defendant pleaded guilty on October 7, 2016. Dkt. 310. His plea agreement stated that he agreed not to "contest, or seek to modify" his sentence, including in "an action brought under 18 U.S.C. § 3582," with an exception not relevant here. Dkt. 304 at 9. Defendant entered into his plea agreement before the First Step Act. At the time of his plea agreement, § 3582 provided that only the Bureau of Prisons ("BOP") could bring a motion for sentence reduction based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A) (2016). The First Step Act, enacted on December 21, 2018, provided for the first time the ability to seek a sentence reduction under § 3582 upon a defendant's motion. *See* 132 Stat. 5194, 5239 (2018) (First Step Act, § 603).

In order for a waiver of rights to be knowing and voluntary, a defendant must understand the choice confronting him. *United States v. Alcala*, 678 F.3d 574, 579 (7th Cir. 2012). Further, a waiver provision in a plea agreement is only applicable to rights available to the defendant at the

---

Defendant's counsel could have personal knowledge of when Defendant made his administrative request for sentence reduction. As a result, the Court concludes that Defendant has not yet provided the evidence of exhaustion contemplated by this Order.

[2] The United States has raised this issue in multiple cases, and the Court concludes that no response from Defendant is necessary.

time the plea is entered. *United States v. Olano*, 507 U.S. 725, 733 (1993) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'") (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Because Defendant did not have the right to petition for a sentence reduction based on "extraordinary and compelling reasons" under § 3582 at the time he pled guilty, he could not have knowingly waived the right to do so at the time he entered his plea. Defendant therefore did not waive his right to petition the Court for a sentence modification based on "extraordinary and compelling reasons" in his plea agreement. *See United States v. Burrill*, 445 F. Supp. 3d 22, 25 (N.D. Cal. 2020) (reaching same conclusion); *compare United States v. Egebrecht*, No. 2:17-cr-00007-JRS-CMM-01, 2020 WL 3510775, at *2–4 (S.D. Ind. June 29, 2020) (finding motion for compassionate release barred by plea waiver where defendant entered into plea agreement after First Step Act was enacted). The United States does not cite any cases holding that a defendant who signed a plea waiver before the First Step Act was enacted is barred from pursuing a motion for compassionate release directly with a district court.

Accordingly, the United States' motion to dismiss, dkt. [793], is **denied**. The case will continue to proceed as set forth in Part II.B of this Order.

**IT IS SO ORDERED.**

Date: 9/24/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel